IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

LEKETHIA D. NIXON,

    Plaintiff,

v.

BROADWAY JOE'S DRIVE-IN, LLC,
a Florida limited liability company and
BRUCE CAPRARA, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, LEKETHIA D. NIXON, [hereinafter referred to as "NIXON" or "Plaintiff"], by and through her undersigned attorney, hereby files this lawsuit against Defendants, BROADWAY JOE'S DRIVE-IN, LLC, a Florida limited liability company and Defendant, BRUCE CAPRARA, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"), for unpaid overtime and minimum wage 29 U.S.C. §206.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff NIXON is a resident of Palm Beach County, Florida.

5. Defendant BROADWAY JOE'S DRIVE-IN, LLC [hereinafter referred to as "BROADWAY"] has a principal address at 2700 Broadway Avenue, Riviera Beach, Florida 33404.

6. Defendant BRUCE CAPRARA [herein referred to as "CAPRARA"] is believed to be a resident of Palm Beach County, Florida.

7. This cause of action arose in Palm Beach County, Florida.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

9. Defendants failed to pay Plaintiff the mandatory overtime wages as required under state and federal law.

10. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

12. Defendant BRUCE CAPRARA is an employer in that he was acting directly or indirectly in the interest of the corporate defendant and otherwise exercised operational control over the company and/or plaintiff's work. CAPARARA was involved in the payment of wages to plaintiff including her overtime status.

13. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

14. Plaintiff was employed with Defendants from June 5, 2018 up to and including her separation on January 14, 2019.

15. Plaintiff regularly worked over forty (40) hours in a given work week.

16. Defendants failed to pay Plaintiff the mandatory wages as required under federal law.

17. Defendants failed to pay Plaintiff overtime as required by Federal law.

18. Plaintiff is a non-exempt employee under the FLSA.

19. Plaintiff's job duties were such that she herself was individually engaged in commerce.

20. During Plaintiff's employment she was paid straight time for all hours work.

21. Plaintiff was not paid her overtime rate for hours over forty (40).

22. Plaintiff estimates without the benefit of her wage and hour records, that she worked 55 hours a week. Plaintiff is owed 15 hours a week at half time rate of $6.50 = $97.50 per week x 32 weeks = $3,120.00. Plaintiff is also owed $687.50 for her last week's pay from January 9, 2019-January 14, 2019. The total Plaintiff is owed is $ 3,807.50. Plaintiff also seeks an equal amount for liquidated damages.

## COUNT I
## UNDERPAYMENT
## IN VIOLATION OF THE FLSA 29 USC § 206
**(All Defendants)**

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 22 and incorporates the same as set forth fully herein.

23. Plaintiff is a covered employee entitled to minimum wage compensation for all hours worked.

24. Plaintiff worked without the benefit of being paid the minimum wage as set forth in federal law.

25. Defendants failed to compensate Plaintiff at least minimum wage.

26. The Defendants' failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

27. Defendants' failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

28. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

29. As a direct and proximate result of the Defendant's action, the Plaintiff obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

30. As a direct and proximate result of the Defendants' action, the Plaintiff has suffered damages.

31. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

**COUNT II**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(All Defendants)**

Plaintiff re-alleges and references each and every allegation contained in the preceding Paragraphs 1 through 22 and incorporates the same as set forth fully herein.

32. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all

hours worked in excess of forty (40) hours per week.

33. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendants.

34. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

35. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

36. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

37. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

38. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

39. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

40. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of

suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 2nd day of June 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com